UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HDS Retail North America, L.P., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v.  § | Civil Action H-10-3399 |
| § | |
| PMG International, Ltd., § | |
| § | |
| *Defendant*. § | |

**ORDER**

Pending before the court is the Magistrate Judge's Memorandum & Recommendation (Dkt. 106) recommending that plaintiff HDS Retail North America, L.P.'s ("HDS") motion for partial summary judgment (Dkt. 68) be granted in part and denied in part. Dkt. 106 at 1. Specifically, the Magistrate Judge recommends that HDS's motion for summary judgment regarding the San Antonio earnout provision be denied for HDS's failure to meet its summary judgment burden. *Id.* at 17. Further, the Magistrate Judge recommends that HDS's motion be granted as to the Austin earnout on grounds that a condition for payment was not satisfied and defendant PMG International, Ltd.'s ("PMGI") affirmative defense fails as a matter of law. *Id.* at 18–20.

Having reviewed the Memorandum & Recommendation, the relevant documents within the record, the parties' objections, and applicable law, the court **ADOPTS IN PART** the Magistrate Judge's Memorandum & Recommendation. The court explains its reasoning as to HDS's motion on the San Antonio and Austin earnouts in turn.

**I. The San Antonio Earnout**

The Magistrate Judge recommends that HDS's motion on the San Antonio earnout be denied. Dkt. 106 at 17. HDS objects to this recommendation, arguing that the Magistrate Judge erred in her

determinations that the San Antonio earnout does not require HDS to win the San Antonio Airport RFP process and that venues 112 and 114 should be included in calculating gross revenues for years 2010 and 2011. Dkt. 110 at 8. After reviewing the language of the San Antonio earnout provision at section 2.4.1(a) of the Stock Purchase Agreement ("SPA") *de novo*, the court agrees with the Magistrate Judge's contractual interpretations. Accordingly, the court **OVERRULES** HDS's objections and **ADOPTS** the Magistrate's recommendation that HDS's motion for summary judgment on the San Antonio earnout be **DENIED**.

## II. THE AUSTIN EARNOUT

The Magistrate Judge further recommends that HDS's motion on the Austin earnout be granted because a condition to payment was not satisfied and PMGI's affirmative defense that HDS prevented satisfaction of that condition fails as a matter of law. Dkt. 106 at 18–20. The Magistrate Judge interpreted the prevention doctrine as being "'subsumed under the duty of good faith and fair dealing.'" *Id.* at 19 (quoting *Mendoza v. COMSAT Corp.*, 201 F.3d 626, 631 (5th Cir. 2000)). PMGI objects to that determination, arguing that prevention of a condition precedent is a viable affirmative defense under Texas law. Dkt. 109 at 3–6.

The court agrees with PMGI. As the 14th Court of Appeals in Texas recently stated, "a party who prevents or makes impossible the occurrence of a condition precedent upon which its liability under a contract depends cannot rely on the nonoccurrence to escape liability." *Clear Lake City Water Auth. v. Friendswood Dev. Co., Ltd.*, 344 S.W.3d 514, 519 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing cases and holding that a city water authority's failure to include a bond measure on an election ballot, thereby preventing the condition precedent of voter approval, excused that condition as a predicate to performance). Because the Magistrate Judge erred in holding that

the prevention doctrine was a duty not to be implied in arms-length contracts, PMGI's objection is **SUSTAINED**. But this determination does not end the court's analysis. The court must decide whether PMGI has raised a genuine dispute of material fact that both of the conditions to HDS's performance were either satisfied or prevented from occurring. For the reasons that follow, the court holds that there is no genuine dispute of material fact that the first condition precedent of the Austin earnout, namely that the Austin agreement would have been amended within one year of the SPA's closing, was met or excused.[1]

As the Magistrate Judge explained, section 2.4.1(c) of the SPA contained two conditions, both of which must be satisfied (or excused) for PMGI to establish its right to payment. The first condition is that the Austin Agreement must be amended within one year of the Closing Date (the SPA closed on December 11, 2008) so that the term of the Austin Agreement expires no sooner than June 30, 2016. Dkt. 69, Ex. 1 at 20, art. II, § 2.4.1(c). In other words, for PMGI to be entitled to an earnout, the Austin Agreement had to be "amended," with a particular lease extension, no later than December 11, 2009.

Both parties agree that the amendment of the Austin Agreement by December 11, 2009, is a condition to HDS's obligation to pay the Austin earnout. Dkt. 86 at 17 ("HDS correctly points out that amendment of the "Austin Agreement" . . . was another condition to payment of the Austin Earnout."). A condition precedent regarding a party's performance is an act or event that must occur after the making of the contract before a right to performance arises. *Beard Family P'ship v. Commercial Indem. Ins. Co.*, 116 S.W.3d 839, 844 (Tex. App.—Austin 2003, no pet.). And when

---

[1] The court expresses no opinion as to whether a genuine dispute of material fact exists regarding HDS's alleged prevention of the Harlon's transaction from closing.

3

"the occurrence of a condition is required by the agreement of the parties, rather than as a matter of law, a rule of strict compliance traditionally applies." E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 8.3 at 422–23 (3d ed. 2004). And more specifically, when the parties' negotiated condition precedent contains a time period within which certain acts must occur, the failure of said acts to occur within that period generally excuses performance. *See Arabella Petrol. Co., LLC v. Baldwin*, 2012 WL 2450803, at *7 (Tex. App.—San Antonio June 27, 2012, no pet. h.) ("Because Arabella did not accept payment of the draft by funding it within the requisite time period, this condition precedent was not met; therefore, the oil and gas lease was not enforceable."); *Miracle Revival Ctr. Move of God Church v. Kindred*, 615 S.W.2d 257, 258 (Tex. Civ. App.—Dallas 1981, no writ).

Here, on December 8, 2009, the Austin Airport Advisory Commission recommended an extension of the Austin Agreement to the Austin City Council. Dkt. 68 at 13. Nine days later, on December 17, 2009, City Council voted to "authorize negotiation and execution of an amendment" to the Austin Agreement. Dkt. 69, Ex. 33 at 4. The parties executed the amendment to the Austin Agreement on May 20, 2010. *Id.*, Ex. 34 at 43. Under the plain terms of the SPA, which the court construes without the need for extrinsic evidence, the Austin Agreement had to be "amended" before December 11, 2009. A recommendation, even if such recommendations are routinely accepted by City Council, is not binding and not an amendment. Further, City Council merely approved "negotiation and execution of an amendment," indicating that the Austin Agreement had not yet been amended as of December 17, 2009. Accordingly, the court holds that the parties did not "amend" the Austin Agreement until after December 17, 2009. Because the agreement was not amended by December 11, 2009, HDS has no obligation to PMGI for the Austin earnout unless PMGI can

demonstrate a fact issue that HDS prevented the occurrence of this condition through intentional or negligent conduct.

In its response, PMGI makes a half-hearted argument that while City Council did not approve the continued negotiation of the amendment before December 11, it is apparent that "HDS made no effort to get on the Austin City Council agenda [before December 11]." Dkt. 86 at 19 n.9. PMGI offers no evidence to substantiate this allegation, and in the absence of competent evidence, the court will not find a genuine dispute regarding PMGI's affirmative defense of prevention. PMGI's defense fails, and PMGI is not entitled to an earnout under the Austin earnout provision because the first condition was neither satisfied nor excused. HDS's motion for summary judgment on the Austin earnout is **GRANTED**.

### III. THE MOTIONS TO EXCLUDE EXPERTS

Both parties have filed motions to exclude expert opinions on the Austin earnout's provisions. Dkts. 64, 65. However, interpretation of an unambiguous contract is a question of law for the courts, and in the absence of terms with specialized trade usage, expert testimony is inadmissible. *Sheet Metal Workers, Int'l Ass'n, Local Union No. 24 v. Architectural Metal Works, Inc.*, 259 F.3d 418, 424 n. 4 (6th Cir. 2001) ("[T]he opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible."); *JRG Capital Investors I, LLC v. Doppelt*, 2012 WL 2529256, at *6 (S.D. Tex. June 28, 2012) (Ellison, J.) (same). The parties do not contend that the term "amended" has a specialized trade usage, and the court did not consider the parties' proffered expert opinions in reaching its decision on the Austin earnout. Because summary judgment has been granted on that provision, the parties' motions to exclude (Dkts. 64, 65) are hereby **DENIED AS MOOT**.

## IV. Conclusion

To summarize, the court adopts the Magistrate Judge's Memorandum and Recommendation in part, holding as follows:

(1) HDS's motion for partial summary judgment (Dkt. 68) is **GRANTED IN PART & DENIED IN PART**:

   (a) HDS's objections as to the Magistrate Judge's recommendation on the San Antonio earnout are **OVERRULED**, and the motion as to the San Antonio earnout is **DENIED**.

   (b) PMGI's objections as to the Magistrate Judge's recommendation on the Austin earnout are **SUSTAINED**, but because the court holds that PMGI fails to demonstrate a genuine dispute of material fact that the first condition was either satisfied or excused, the motion as to the Austin earnout is **GRANTED**.

The court further holds that the parties' motions to exclude expert testimony (Dkts. 64, 65) are **DENIED AS MOOT**.

It is so **ORDERED**.

Signed at Houston, Texas on September 27, 2012.

_____
Gray H. Miller
United States District Judge